UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SHEILA DAVID, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:14-cv-1640-JAR |
| ANGELA MESMER, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Sheila David's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, habeas relief will be stayed to permit Petitioner to exhaust state remedies.

## BACKGROUND

In her petition, Petitioner challenges her April 20, 2012 conviction for the offense of stealing in excess of $25,000 and her sentence of twenty year's imprisonment. Petitioner raises three claims: (1) Petitioner's plea was involuntarily and unknowingly entered because it was induced by a promise made by the state court that she would receive probation so that she could pay restitution; (2) plea counsel was ineffective in that she failed to present mitigating evidence; and (3) had plea counsel presented mitigating evidence, Petitioner would have received a lesser sentence.

On March 9, 2017, Petitioner, through appointed counsel, filed a state habeas corpus petition, which is currently pending before the Missouri Supreme Court, *State ex rel Sheila David v. Angela Mesmer*, No. SC96263 (Mo. filed March 9, 2017). There, Petitioner argues that she is being detained in violation of her right to due process because the felony enhancement of

her stealing conviction violated the clear and unambiguous language of the stealing statute, Mo. Rev. Stat. §§ 570.030.1 and 570.030.7 (2002). Specifically, Petitioner cites the recent decision of *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), in which the Missouri Supreme Court held that the provisions of Mo. Rev. Stat. § 570.030.3 (West 2009), could not be used to enhance a defendant's offenses for stealing firearms to felony stealing. The Supreme Court recently issued a decision in *State v. Smith*, 522 S.W.3d 221, 231 (Mo. 2017) reversing and remanding for resentencing as misdemeanor stealing convictions enhanced under the statute.

Petitioner's sentence was enhanced under the same provision, and she argues that she has been serving a 20-year sentence for conduct that, under *Bazell*, was merely a misdemeanor. But for the aforementioned stealing conviction, Petitioner contends she would be eligible for release. In light of *State v. Smith*, it is possible that the issues raised in Petitioner's federal habeas petition will be resolved by the state court.

## DISCUSSION

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Compliance with the exhaustion requirement is excused only if "there is an absence of available State corrective process" or "circumstances

exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Missouri state prisoners can challenge a stealing conviction in a state habeas corpus action under Missouri Supreme Court Rule 91. *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. 2002). There is no time limit for filing such an action. *Jones v. Sachse*, No. 4:11CV01310 SNLJ, 2014 WL 4410394, at *14 (E.D. Mo. Sept. 8, 2014) (citing *Fletcher v. Armontrout*, 725 F. Supp. 1075, 1086 (Mo. Ct. App. 1989)).

Where such a state habeas action is filed while a petitioner's federal habeas claim is pending, a federal district court has the discretion to stay, rather than dismiss, a petitioner's habeas claim pending exhaustion of available state remedies. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). In determining whether a stay is appropriate, the Court may consider whether the petitioner's federal habeas claims will be time-barred should the matter be dismissed without prejudice and refiled at a later time. *See Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005); *Walker v. Houston*, No. 4:07CV3208, 2007 WL 2903005, at *1 (D. Neb. Oct. 4, 2007).

Petitioner timely filed her federal habeas action. However, the statute of limitations has since run on her claims, and she would be barred from re-filing her petition. Therefore, under the circumstances of this case, the Court will exercise its discretion to stay the current action rather than dismiss it for failure to exhaust state remedies.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Sheila David for a writ of habeas corpus relief is further **STAYED** pending final disposition by the Missouri Supreme Court on her state habeas corpus action.

**IT IS FURTHER ORDERED** that Petitioner shall notify this Court of within 30 days of such disposition.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case pending further Order by the Court.

Dated this 26th day of September, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**